# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATHAN ERVES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:03CV 692 RWS(LMB) |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Nathan Erves for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is presently incarcerated at the South Central Correctional Center in Licking, Missouri. Petitioner is serving an eleven-year sentence for stealing a motor vehicle and a concurrent twenty-year sentence for attempted first degree burglary, both pursuant to the judgment and sentence of the Circuit Court of St. Louis County, Missouri. See Respondent's Exhibit 1, 2. The twenty-year sentence is the subject of this petition.

On January 31, 1994, petitioner pled guilty to one charge of attempted first degree burglary. See Resp't Ex. 3 at 5. Petitioner was sentenced to twenty years imprisonment in the Missouri Department of Corrections. See Resp't Ex. 1. Execution of sentence was suspended and petitioner was placed on five years probation. See id. On April 11, 1996, the court found that petitioner

violated the terms of his probation and ordered the twenty-year sentence executed. See id. On August 16, 1996, after serving a period of incarceration, petitioner's sentence was suspended and petitioner was placed on probation for another five-year period. See id. On April 26, 2002, after a revocation hearing, the court revoked petitioner's probation and ordered the twenty-year sentence executed. See id.

Petitioner filed a petition for writ of habeas corpus in the Circuit Court of Randolph County, Missouri, which was denied on January 3, 2003. See Resp't Ex. 4. On January 30, 2003, petitioner filed a petition for writ of habeas corpus in the Missouri Court of Appeals for the Western District, which was denied on February 3, 2003. See Resp't Ex. 5. Finally, petitioner filed a petition for a writ of habeas corpus in the Missouri Supreme Court on March 5, 2003. See Resp't Ex. 6. On April 22, 2003, the Missouri Supreme Court denied the petition. See id.

On January 24, 2003, petitioner, pro se, filed the instant petition for a writ of habeas corpus, raising the following grounds for relief: (1) the sentencing court lacked jurisdiction to revoke his probation on April 26, 2002 because his five-year term of probation ended before it was revoked; (2) he was falsely imprisoned because the sentencing court had no legal authority to revoke his probation; (3) the Double Jeopardy Clause was violated because he received two five-year periods of probation for the same offense; and (4) the second period of probation violated the ban on ex post facto laws because it was not authorized when he committed his offense. (Document Number 4). In his Response, respondent argues that petitioner's grounds for relief fail on their merits. (Doc. No. 9). Petitioner has also filed two responses, and an "Amendment Motion in Support of Habeas Corpus, 2254, Rule 28," in which he provides further argument in support of his petition. (Docs. No. 10, 12, 21).

**Discussion**

**A. Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S.Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." <u>Id.</u> Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 529 U.S. 410, 120 S.Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of

federal law is different from an incorrect application of federal law." Id. at 529 U.S. 410, 120 S.Ct. at 1522.

**B.     Petitioner's Claims**

Petitioner raises four grounds for relief. The undersigned will address each claim in turn.

**1.     Ground One**

In his first ground for relief, petitioner argues that the sentencing court lacked jurisdiction to revoke his probation on April 26, 2002 because his five-year term of probation ended before it was revoked.

At the root of petitioner's claims is an August 28, 1995 revision to the Missouri probation statute. The current version of the statute, Section 559.036.3, RSMo 2000, provides as follows:

> If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011, RSMo. The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation. *The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by section 559.016, notwithstanding any amount of time served by the offender on the first term of probation.*

(emphasis added). The current version of the statute clearly permits the court to place an offender on a second term of probation after the initial term of probation has been revoked. This provision, however, did not appear in the original version of the statute. The last two sentences of the statute were added in the 1995 revision.

Petitioner argues that the sentencing court was bound to apply the earlier version of the statute, which was the version in effect at the time he was convicted. Petitioner contends that the earlier version of the statute prohibited the sentencing court from granting a second period of probation following a revocation if the second term of probation would extend beyond the five-year maximum period set forth in Section 559.016. Petitioner relies on Roach v. State, 64 S.W.3d 884 (Mo. Ct. App. 2002), as authority for his position. In Roach, the Missouri Court of Appeals for the Southern District held that the sentencing court was prohibited from granting a second term of probation extending beyond five years because the original version of Section 559.036.3, which was in effect at the time the appellant was convicted, did not permit the second period of probation. See id. at 887. In Bonanno v. State, 44 S.W.3d 879 (Mo. Ct. App. 2001), however, upon which respondent relies, the Missouri Court of Appeals for the Western District reached the opposite conclusion. In Bonanno, the Court rejected the appellant's claim that the sentencing court was limited to imposing five years of probation when the appellant was sentenced prior to the 1995 amendments to Section 559.036.3. See id. at 880. In this case, the state courts, including the Circuit Court of Randolph County, Missouri, the Missouri Court of Appeals, Western District, and the Missouri Supreme Court, all rejected petitioner's argument. This result is supported by Bonanno.

Petitioner's claim challenging the jurisdiction of the sentencing court to revoke his probation is based wholly upon state law. "[S]tate prisoners' claims of error involving . . . probation, and revocation of probation or parole are matters governed by state law that are not cognizable in federal habeas corpus proceedings." Martin v. Solem, 801 F.2d 324, 331 (8th Cir. 1986). Further, the decision of the state courts is supported by Bonanno. Thus, petitioner has failed to show a violation of clearly established federal law.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

### 2. Ground Two

In his second ground for relief, petitioner argues that he was falsely imprisoned in violation of his constitutional rights because the sentencing court lacked jurisdiction to revoke his second term of probation. The undersigned has determined with respect to petitioner's first ground for relief that the sentencing court's jurisdiction to revoke petitioner's probation is a matter of state law and is not cognizable in federal habeas corpus proceedings. As such, petitioner's claim that he was falsely imprisoned due to the sentencing court's lack of jurisdiction fails.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

### 3. Ground Three

In his third ground for relief, petitioner argues that the Double Jeopardy Clause was violated because he received two five-year periods of probation for the same offense.

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. It is well-settled, however, that there is no double jeopardy protection against revocation of probation and imposition of the sentence. See United States v. DiFrancesco, 449 U.S. 117, 137, 101 S. Ct. 426, 437, 66 L.Ed.2d 328 (1980). See also United States v. Shields, 751 F.2d 247, 249 (8th Cir. 1984) (Revocation of probation not double jeopardy because breach of condition of probation is not "same offense" as underlying conviction for double jeopardy purposes). Further, under Missouri law a defendant is not, as a matter of right, entitled to probation under § 559.115. See

Brown v. State, 67 S.W.3d 708, 711 (Mo. Ct. App. 2002). "Rather, the court has discretion to grant probation pursuant to the statute." Id. (citing Brown v. Gammon, 947 S.W.2d 437, 441 (Mo. Ct. App. 1997)).

Here, no double jeopardy violation occurred. The sentencing court's grant of a second term of probation was not an additional punishment. Further, Section 559.036.3. authorizes the court to grant a second term of probation, rather than revoking probation and ordering a sentence executed.

Accordingly, the undersigned recommends that petitioner's third ground for relief be denied.

**4.    Ground Four**

In his final ground for relief, petitioner argues that the second term of probation violated the ban on ex post facto laws because it was not authorized when he committed his offense.

The United States Constitution provides that "[n]o State shall...pass any...ex post facto Law." Art. I, § 10 cl. 1. A law violates the ex post facto prohibition if it applies to events occurring before its enactment and causes an offender affected by it to suffer a disadvantage either by altering the definition of particular criminal conduct or by increasing the punishment for the crime. See Collins v. Youngblood, 497 U.S. 37, 50, 110 S.Ct. 2715, 2723, 111 L.Ed.2d 30 (1990). To constitute an ex post facto law, a statute must: 1) punish as a crime an act which was innocent when committed; 2) increase the burden of punishment for a crime after its commission; or 3) deprive one charged with a crime of a defense that was available when it was committed. See id. at 497 U.S. 52, 110 S.Ct. 2724.

Here, no violation of the ex post facto prohibition occurred. Although petitioner was convicted prior to the revision to Section 559.036.3, petitioner's punishment was not increased by

granting him a second term of probation. Rather, petitioner received a benefit when he was granted another term of probation instead of being ordered to serve his twenty-year sentence. Thus, the sentencing court's grant of a second term of probation does not constitute a violation of the ex post facto prohibition.

Accordingly, the undersigned recommends that petitioner's fourth ground for relief be denied.

## C.  Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Nathan Erves for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied.**

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised that they have eleven (11) days, until September 4th, 2006, to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 24th day of August, 2006.

                                                      LEWIS M. BLANTON
                                                     UNITED STATES MAGISTRATE JUDGE